**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ALESIA LINDER,

      Plaintiff,

vs.                                                Case No.  3:13-cv-381-J-MCR

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

      Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff alleged she became disabled on February 11, 2010 (Tr. 116-23). A hearing was held before the assigned Administrative Law Judge ("ALJ") on October 26, 2011 (Tr. 26-48). The ALJ found Plaintiff not disabled on November 30, 2011 (Tr. 9-20).

In reaching the decision, the ALJ found Plaintiff had the severe impairments of bronchiectasis, early emphysema, and chronic obstructive pulmonary disease ("COPD") (Tr. 14). The ALJ also found Plaintiff had the residual functional capacity to perform light work as defined in 20 CF.R. § 404.1576(b) and § 416.967(b), except Plaintiff needs a sit/stand option with a change of position as often as every forty-five minutes; Plaintiff is restricted to no ladder, rope, or scaffold climbing; Plaintiff needs to avoid dangerous

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 17).

work hazards (such as unprotected heights and exposed machinery);  Plaintiff needs to avoid concentrated pulmonary irritants; and Plaintiff is limited to no more than occasional exposure to dusts, fumes, and odors.  *Id.*  Plaintiff is appealing the Commissioner's decision that she was not disabled from February 11, 2010 through November 30, 2011.  Plaintiff has exhausted her available administrative remedies and the case is properly before the Court.  The Court has reviewed the record, the briefs and the applicable law.  For the reasons stated herein, the Commissioner's decision is **AFFIRMED**.

I.    STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d

1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.     RELEVANT EVIDENCE OF RECORD

Plaintiff was fifty years old on the date the ALJ's decision was issued (Tr. 37). Plaintiff attended school through the tenth grade and has past relevant work as a laundry worker and personal care assistant (Tr. 37-39). Plaintiff was found to be disabled in 2008 based on a determination that her impairment equaled a listing (Tr. 17, 272). However, Plaintiff returned to work in November 2008 and benefits were terminated (Doc. 19 at 2). In 2009, Plaintiff was admitted to the hospital twice in April for three days (Tr. 299, 306). Plaintiff also sought treatment through the emergency room in April 2009 and July 2009 for shortness of breath (Tr. 279, 363, 365). In February 2010, Plaintiff was admitted to the hospital and re-diagnosed with chronic obstructive pulmonary disease, bronchiectasis and emphysema (Tr. 297). Plaintiff stopped working as a personal care assistant in February 2010 (Tr. 39).

## III.    ISSUES ON APPEAL

Plaintiff raises two issues on appeal. First, Plaintiff argues the ALJ erred by failing to continue the Plaintiff's benefits based on an unsuccessful work attempt. Second, Plaintiff argues the ALJ erred by disregarding the evidence that Plaintiff satisfied a listing. The Court addresses each argument in turn.

### A.    Whether the ALJ erred by failing to continue Plaintiff's benefits based on an unsuccessful work attempt

Plaintiff asserts she previously satisfied a listing and is disabled regardless of her

ability to work (Doc. 19 at 5). The Commissioner argues there is substantial evidence of record that supports the finding that Plaintiff did not meet or equal a listing in her present application (Doc. 22 at 5). Plaintiff contends that if she returns to work and cannot sustain employment for more than three months, it is considered an unsuccessful work attempt (Doc. 19 at 5-6). Plaintiff argues the ALJ never made a determination as to whether Plaintiff's return to work was an unsuccessful or successful work attempt (Doc. 19 at 7). Because Plaintiff was previously awarded disability, Plaintiff asserts the ALJ must first determine if there was a successful improvement in her condition to warrant a suspension of her benefits. *Id.* For the reasons discussed below, Plaintiff's argument is without merit.

The Eleventh Circuit has held that res judicata does not attach to cases where "the factual time period for [the claimant's] current application is different from [the] previous application." *Luckey v. Astrue*, 331 F. App'x 634, 638 (11th Cir. 2010); *see also McKinzie v. Comm'r of Soc. Sec.*, 362 F. App'x 71, 73 (11th Cir. 2010) (holding ALJ was not required to give preclusive effect or defer to prior finding that claimant could not use her arms or hands repetitively because current application concerned an unadjudicated time period); *Reynolds v. Bowen*, 844 F.2d 451, 453-54 (7th Cir. 1988) (stating that evidence in prior applications was "completely irrelevant" to the instant application, which alleged an onset date beginning after the prior applications were denied). Furthermore, the Social Security Administration's Acquiescence Ruling 97-4(9) states in pertinent part:

> If a determination or decision on a disability claim becomes final, the Agency may apply administrative res judicata with respect to a subsequent disability claim. . . . However, if the subsequent claim involves

> deciding whether the claimant is disabled during a period that was not adjudicated in the final determination or decision on the prior claim, SSA considers the issue of disability with respect to the unadjudicated period to be a new issue that prevents the application of administrative res judicata. Thus, when adjudicating a subsequent disability involving an unadjudicated period, SSA considers the facts and issues de novo in determining disability with respect to the unadjudicated period.  SSA does not adopt findings from the final determination whether the claimant is disabled with respect to the unadjudicated period.

Acquiescence Ruling 97-4(9).

In this case, Plaintiff was previously found to satisfy a listing and was thus found to be disabled.  However, after Plaintiff returned to work in November 2008, her benefits were terminated.  Plaintiff did not appeal the termination of her benefits.  In the application at issue, Plaintiff alleges a disability onset date of February 11, 2010.  Therefore, Plaintiff's current application concerns an unadjudicated time period.  As such, the current ALJ was not bound by the previous ALJ's findings, and he was under no obligation to determine if Plaintiff's benefits were properly suspended or if her return to work in November 2008 constituted an unsuccessful work attempt.  *See Luckey*, 331 F. App'x at 638 (holding Commissioner was not bound by ALJ's previous award of benefits under doctrine of administrative res judicata where application at issue concerned different factual time period from previous application); *Griffin v. Astrue*, No. 8:11-cv-1524-FtM-29SPC, 2012 WL 3151569, at *8-9 (M.D. Fla. Aug. 2, 2012) (holding current ALJ need not consider prior RFC findings made by previous ALJ that considered a different time period); *Powell v. Astrue*, No. 1:12-cv-02-CSC, 2012 WL 5467534 (M.D. Ala. Nov. 9, 2012) (same).

>   B.  Whether the ALJ erred by disregarding the evidence that Plaintiff satisfied a listing

Plaintiff asserts she previously was awarded benefits after Dr. Eric Puestow, M.D. rendered an opinion that she satisfied a listing (Doc. 19 at 8).  Plaintiff argues that because she previously satisfied a listing, there should have been medical testimony to address whether she still satisfies the listing for the current application, and whether she has the physical ability to sustain work with her pulmonary issues (Doc. 19 at 9).

The listing of impairments in the Social Security Regulations identifies impairments which are considered severe enough to prevent a person from gainful activity.  By meeting a listed impairment or otherwise establishing an equivalence, a plaintiff is presumptively determined to be disabled regardless of her age, education or work experience.  Thus, an ALJ's sequential evaluation of a claim ends if the plaintiff can establish the existence of a listed impairment.  *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).  However, at this stage of the evaluation process, the burden is on the plaintiff to prove that he or she is disabled.  *Bell v. Bowen*, 796 F.2d 1350, 1352 (11th Cir. 1986); *Wilkinson v. Bowen*, 847 F.2d 660, 663 (11th Cir. 1987).  In this circuit, a plaintiff must present specific findings that meet the various tests listed under the applicable listing.  *Bell*, 796 F.2d at 1353.  Mere diagnosis of a listed impairment is not enough as the record must contain corroborative medical evidence supported by clinical and laboratory findings.  *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  "In order to meet a listing, the claimant must (1) have a diagnosed condition that is included in the listings and (2) provide objective medical reports documenting that this condition meets the specific criteria of the applicable listing and the duration requirement."

*Wilkinson* 847 F.2d at 662 (emphasis omitted).  The plaintiff must show that her impairment meets all of the specified medical criteria.  *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S. Ct. 885, 891 (1990) ("An impairment that manifests only some of those criteria, no matter how severely, does not qualify.").

In the instant case, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 14).  The ALJ found the record did not establish the existence of any such impairment, including the impairments set forth in section 3.00 of Appendix 1.  *Id.*  The ALJ explained the weight he accorded to certain pieces of evidence and stated that, based on all the record evidence, Plaintiff's condition did not meet or functionally equal a listed impairment.  The ALJ acknowledged Plaintiff was found disabled in 2008 based on a determination that her impairment equaled a listing.  However, as discussed above, the ALJ was not bound by this earlier finding because Plaintiff's present application concerned a new and different time period.  The ALJ found Plaintiff's pulmonary function tests did not rise to the severity level anticipated by respiratory listings found in section 3.00 of Appendix 1.  The ALJ noted Plaintiff had only been hospitalized twice for bronchitis since the alleged onset of disability and found two hospitalizations within two years to be within tolerable limits.  Further, the ALJ noted that Plaintiff testified she did not use her medication on a regular basis and that Plaintiff looked for work after the alleged onset of disability.  The ALJ also noted Plaintiff's activities of daily living were not as limited as one would expect given her complaints of disability.  The ALJ stated he considered Dr. Puestow's September 11, 2008 opinion that Plaintiff's respiratory impairment equaled

listing 3.03B, and noted Dr. Puestow referenced one hospitalization in 2007 and three hospitalizations in 2008 to support his opinion. The ALJ stated he accorded little weight to Dr. Puestow's opinion because the medical evidence of record, as of the alleged onset date, did not support a finding that Plaintiff's impairment meets or equals a listing. The ALJ concluded Plaintiff's respiratory disorders did not meet the severity requirements outlined in Listings 3.00.

The ALJ's decision shows he evaluated all of the relevant medical evidence in determining Plaintiff did not meet or equal a listing in her present application. The ALJ was not required to give controlling or substantial weight to the non-examining physician, Dr. Puestow, whose opinion was rendered more than two years before the alleged onset date. Further, Plaintiff's argument that the ALJ did not sufficiently develop the record is without merit. As in all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding her impairments. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *see also* 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). While an ALJ has a basic duty to develop a full and fair record, it is Plaintiff's burden to present specific medical evidence that she meets or equals one of the listed impairments. *Bell*, 786 F.2d at 1353. The Commissioner requested Plaintiff attend a consultative examination with Dr. Lynn Harper-Nimock, M.D. for pulmonary function testing. The ALJ relied upon this and other evidence outlined above to determine whether Plaintiff satisfied a listing and to determine her residual functional capacity.

After a detailed discussion of the medical evidence of record, the ALJ concluded the record confirmed the existence of a respiratory impairment but did not support a resulting inability to work, and Plaintiff's impairments did not rise to the severity level anticipated by the listings. Accordingly, the Court finds substantial evidence supports the ALJ's determination that Plaintiff's impairments did not meet or equal a listing. *See Douglas v. Comm'r of Soc. Sec.*, 486 F. App'x 72, 25-26 (11th Cir. 2012) ("Although [Plaintiff] argues that various medical records from 2002 through 2008 indicate that he has serious medical problems that undermine the ALJ's conclusion, we reiterate that the time period relevant to [Plaintiff's] disability determination is the span between [alleged onset date of his disability and the date of termination of his health insurance]. Because [Plaintiff] does not argue that those dates are incorrect and because the ALJ's determinations were procedurally correct and supported by substantial evidence, we affirm.").

## IV. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgement consistent with this Order and thereafter to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of April, 2014.

                                                MONTE C. RICHARDSON
                                                UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record